IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EAC 9540 ENTERPRISES, LLC, | § | CASE NO. 16-41626 |
| | § | |
| Debtor. | § | Chapter 11 |

**MOTION TO DISMISS WITH PREJUDICE FOR REFILING FOR TWO YEARS FOR BAD FAITH FILING AND FAILURE TO FILE WITH REQUISITE AUTHORITY, WITH WAIVER OF 30-DAY HEARING REQUIREMENT, AND REQUEST FOR HEARING IN PLANO, TEXAS**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS MOTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Ivan Pugh ("Movant" or "Pugh"), party in interest in the above entitled bankruptcy case, and files this Motion to Dismiss with Prejudice for Re-Filing for Two Years for Bad Faith Filing and Failure to File with Requisite Authority, With Waiver of 30-Day Hearing Requirement, and Request for Hearing in Plano, Texas (this "Motion") requesting the Court dismiss this chapter 11 bankruptcy proceeding, and in support thereof, respectfully shows the Court as follows:

## INTRODUCTION

1.      This is a dispute between Arthur Hood ("Hood") and Pugh over the ownership of a restaurant named Alligator Cafe. This case should be dismissed because Hood filed this bankruptcy case to gain an unfair advantage in the state court litigation with Pugh. [1]

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## PROCEDURAL AND FACTUAL BACKGROUND

3.      Pugh was the sole owner of Eat Gator LLC d/b/a Alligator Cafe (the "Alligator Cafe"), which owned a restaurant named Alligator Cafe located in Dallas, Texas.

4.      On or about September 12, 2015, Pugh and Hood entered into a Purchase Agreement (the "Purchase Agreement") wherein Hood agreed to purchase from Pugh a 75% ownership interest in Alligator Café for a purchase price of $330,000.00 (the "Purchase Price"). A true and correct copy of the Purchase Agreement is attached hereto as "Exhibit A" and incorporated herein by reference. Pursuant to the Purchase Agreement, the Purchase Price was to be paid over a two-year period with a final balloon payment being due on October 15, 2017, and Pugh retained a 25% ownership interest in Alligator Cafe.[2]

---

[1] Hood may have improperly utilized bankruptcy courts to gain an unfair advantage in state court proceedings or as a litigation tactic before. Hood has filed personal bankruptcy numerous times and all but one of these cases have been dismissed. *See, e.g.*, 2:02-bk-00125, N.D. AL; 2:05-bk-00683, N.D. AL; 2:08-bk-01790, N.D. AL; 7:09-bk-72543, N.D. AL; 4:13-bk-41156, E.D. Tex.; 3:13-bk-34003, N.D. Tex. Hood placed a company in bankruptcy. *See, e.g.,* 14-41854, *In re: Heritage O & G Corp.,* U.S. Bankruptcy Court, E.D. Tex. Ultimately, this case was dismissed.

[2] John Young claims to have an 10% ownership interest in Alligator Café.

**MOTION TO DISMISS WITH PREJUDICE FOR RE-FILING FOR TWO YEARS FOR BAD FAITH FILING AND FAILURE TO FILE WITH REQUISITE AUTHORITY, WITH WAIVER OF 30-DAY HEARING REQUIREMENT, AND REQUEST FOR HEARING IN PLANO, TEXAS**       **Page 2 of 7**

5. The Purchase Agreement also specifies that the down payment and additional payments "are to be transferred into the corresponding percentage ownership" of Alligator Cafe, using the value of 75% as $330,000.00.

6. On or about September 18, 2015, Pugh and Hood entered into an Operating Agreement of Alligator Café (the "Operating Agreement"). A true and correct copy of the Operating Agreement is attached hereto as "Exhibit B" and incorporated herein by reference. The Operating Agreement provides that any "sale or other disposition of substantially all the assets of the LLC" requires a Supermajority vote in interest of the members of Alligator Cafe, which is defined by the Agreement as 66% approval, based on ownership interest in Alligator Cafe. Further, the Operating Agreement provides that the filing of a bankruptcy petition requires a Supermajority vote.

7. Unbeknownst to Pugh, on or about February 11, 2016, Hood, allegedly acting on behalf of Alligator Cafe, entered into a Purchase and Sale Agreement and related Bill of Sale with EAC 9540 Enterprises LLC ("Debtor") to purchase all assets and interests of the Alligator Cafe. True and correct copies of the purported Purchase and Sale Agreement and Bill of Sale are collectively attached hereto as "Exhibit C" and incorporated herein by reference. The Purchase and Sale Agreement purportedly shows Hood owning an 85% interest in Alligator Cafe and Pugh owning a 15% interest in Alligator Cafe. However, at the time of Hood's execution of this Purchase and Sale Agreement, Hood did not have authority to enter into this transaction on behalf of Alligator Café because Hood had not fulfilled his payment obligations to Pugh, having only paid the $30,000.00 down payment. Interestingly, even though the Purchase and Sale Agreement was signed by Erwing Villanleva on behalf of the Debtor, the Debtor is an entity owned solely by Hood which was not formed until February 12, 2016.

8.     Thereafter, on or about April 4, 2016, Pugh and Hood entered into an Agreement to Reform Purchase Agreement (the "Reformed Purchase Agreement") for Hood to purchase an additional 15% ownership interest in Alligator Cafe. A true and correct copy of the Reformed Purchase Agreement is attached hereto as "Exhibit D" and incorporated herein by reference. Under the Reformed Purchase Agreement, the Purchase Price of $330,000.00 remained the same, but the final payment date to Pugh was changed to August 1, 2017, and Hood agreed to pay $160,177.52 of undisclosed Alligator Cafe debts and receive credit towards the purchase price once those debts were paid. Hood has only paid Pugh $48,000.00 under the Purchase Agreement and Reformed Purchase Agreement, and, upon information and belief, Hood has failed to pay any of the $160,177.52 Alligator Café debts.

9.     On or about August 4, 2016, Pugh and Hood commenced litigation in Dallas County Court of Law No. 4 concerning their ownership interests in Alligator Cafe. Hood and Pugh have made numerous claims against each other in the state court case.

10.    On the eve of counsel for Pugh filing an application for temporary restraining order and application to appoint a state court receiver, on or about September 7, 2016, Hood signed the Voluntary Petition as the sole Managing Member of the Debtor to seek Chapter 11 bankruptcy protection.

## RELIEF SOUGHT

11.    Pugh respectfully requests that the Court enter an order dismissing this Chapter 11 bankruptcy case.

## BRIEF IN SUPPORT

**A.     The Court Should Dismiss This Chapter 11 Case Because It Was Filed in Bad Faith.**

12. The Bankruptcy Code provision authorizing dismissal of a Chapter 11 case "for cause" has been interpreted to include "the lack of good faith in its filing." *In re Humble Place Joint Venture*, 936 F.2d 814, 816–17 (5th Cir. 1991) (citing 11 U.S.C. § 1112(b); *Little Creek Development Co. vs. Commonwealth Mortgage Corp., (In re Little Creek)*, 779 F.2d 1068, 1072 (5th Cir. 1986). Courts have identified a number of factors indicative if a bad faith filing, including

   (1)   the debtor has one asset, such as either undeveloped or developed real property, encumbered by secured creditors' liens,
   (2)   debtor has engaged in improper pre-petition conduct,
   (3)   the debtor's property has been posted for foreclosure, and the debtor has tried unsuccessfully to prevent this foreclosure in state court,
   (4)   the filing of bankruptcy enabled the debtor to evade court orders,
   (5)   the debtor employs few or zero employees other than its principals,
   (6)   there is little or no cash flow or source of income to sustain a reorganization, and
   (7)   there are few if any unsecured creditors and their claims are relatively small.

*Little Creek*, 779 F.2d at 1072-73. Many of these factors are present in this case.

13. A bankruptcy petition is filed in bad faith when there are conflicting claims asserted in state court as to the ownership of the debtor and its assets. *See In re Marino*, 2010 WL 519772, at *5 (Bankr. S.D. Tex. Feb. 9, 2010). Such claims are better dealt with in the pending litigation in state court. *See id.* As a result, the Fifth Circuit has made clear that "the bankruptcy court should not retain a case to become a venue for the resolution of a state court dispute." *In re 1701 Commerce, LLC*, 477 B.R. 652, 658 (Bankr. N.D. Tex. 2012) (citing *Humble Place*, 936 F.2d at 818).

14. Pugh and Hood are involved in an ownership dispute regarding Alligator Cafe and its assets that is pending in Dallas County Court of Law No. 4. These conflicting claims are better

suited for that court. Therefore, the petition was filed in bad faith and the Court should dismiss the case on these grounds.

### B. The Court Should Dismiss This Chapter 11 Case Because Hood Did Not Have Authority to Transfer Alligator Cafe's Assets to the Debtor.

15. One of the issues that needs to be decided in state court is whether Hood had the authority to sell all of the assets and interests of the Alligator Cafe on February 11, 2016 to the Debtor owned and controlled by Hood. The Operating Agreement specifies that any "sale or other disposition of substantially all the assets of the LLC" requires 66% approval.

16. At the time of the sale, Hood had only paid the $30,000.00 down payment. As a result, Hood's ownership share of Alligator Cafe was about 9%, well short of the required 66%. Therefore, Hood did not have the authority to sell the assets to the Debtor, and this case should be dismissed so that the state court can decide whether the transfer by Hood should be reversed.

### C. Assuming a Court Reversed the Transfer of Assets from the Alligator Café to the Debtor, the Court Should Dismiss This Chapter 11 Case Because Hood Did Not Have Authority to File the Bankruptcy Petition.

17. The authority to file a Chapter 11 petition "on behalf of a corporation must derive from state corporate governance law, and the corporate by-laws." *In re Marino*, 2010 WL 519772, at *3 (Bankr. S.D. Tex. Feb. 9, 2010).

18. Under the Operating Agreement, the filing of a bankruptcy petition requires 66% approval. At the time of the filing of the petition, Pugh had paid, at most, $208,117.52 of the $330,000.00 Purchase Price.

19. As a result, Hood's ownership share of the Alligator Cafe was, at most, 63%. Assuming, *arguendo*, that a court reversed Hood's transfer to the Debtor, Hood would not have the requisite 66% approval needed to place Alligator Café in Chapter 11 bankruptcy. Therefore, the Court should dismiss this case for failure to file with requisite authority.

WHEREFORE, PREMISES CONSIDERED, Movant Ivan Pugh respectfully requests that the Court enter an order dismissing this bankruptcy in its entirety with prejudice to refiling and for all such further relief to which Movant may be justly entitled.

Dated: October 12, 2016.     Respectfully submitted,

**HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.**

By:  */s/ Jason M. Katz*
Jason M. Katz
Texas State Bar: 24038990

15303 Dallas Parkway, Suite 700
Addison, Texas 75001-4610
Phone: 972.701.7000
Fax:   972.701.8765
Email: jkatz@hhdulaw.com

**ATTORNEYS FOR IVAN PUGH**

**CERTIFICATE OF SERVICE**

This is to certify that on October 12, 2016, a true and correct copy of the above and foregoing Motion to Dismiss with Prejudice for Re-Filing for Two Years for Bad Faith Filing and Failure to File with Requisite Authority, With Waiver of 30-Day Hearing Requirement, and Request for Hearing in Plano, Texas was filed with the court via CM/ECF and served on all parties on the attached master mailing list.

*/s/ Jason M. Katz*
Jason M. Katz